Case 2:16-cv-00103-WMA   Document 4   Filed 02/04/16   Page 1 of 3

FILED
2016 Feb-04  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT EDWARD DAVIS, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:16-cv-103-WMA |
| BRANDON FALLS, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

Before the court is the motion of plaintiff Vincent Edward Davis for leave to proceed *in forma pauperis* (Doc. 2). The motion will be granted by separate order. The granting of the motion, however, imposes a duty upon the court to review Davis's complaint under 28 U.S.C. § 1915, which requires the court to dismiss the action if it "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This action is due to be dismissed under § 1915 for two reasons. First, plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, in which the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

1

>court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994). In his complaint, plaintiff alleges that defendants violated his constitutional rights under 42 U.S.C. § 1983 in the course of his 2001 arrest, indictment, and conviction on five counts of theft of property, as well as by denial of his requested post-conviction remedies. There is no indication in plaintiff's complaint, however, that his conviction has been overturned or invalidated by one of the ways identified in *Heck*. Accordingly, plaintiff's action is barred by *Heck* and is due to be dismissed.

Second, plaintiff's action is barred by the statute of limitations applicable to § 1983 claims. In *Owens v. Okure*, 488 U.S. 235, 250 (1989), the Supreme Court held that the statute of limitations to be applied to a § 1983 action is the state general or residual statute of limitations governing personal injury actions. The general or residual statute of limitations in Alabama is two years. *See* Ala. Code § 6-2-38(l); *Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010). Here, plaintiff's claims are based on events occurring in 2001, when he was arrested and convicted of theft of property. The statute of limitations has therefore long since expired, requiring dismissal.

Accordingly, Davis's action will be dismissed under 28 U.S.C. § 1915 by separate order, and his motion for appointment of an

attorney will be denied.

DONE this 3rd day of February, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE