IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT EDWARD DAVIS, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:16-cv-103-WMA |
| BRANDON FALLS, et al., } | |
| } | |
| Defendants. } | |

### MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's motion (Doc. 6) for reconsideration of the court's opinion and order dismissing his action with prejudice. Plaintiff argues that (1) defendants are not entitled to immunity, (2) the court erred in relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), because that case has been overruled, and (3) the statute of limitations does not bar his action because his sentence was "clearly not authorized by law." (Doc. 6 at 2).

For the reasons stated in the court's memorandum opinion of February 4, 2016 (Doc. 4), and for these additional reasons, plaintiff's motion is DENIED. First, while the order of reassignment entered in this case by Magistrate Judge Ott mentioned a likely immunity defense, this court's opinion and order dismissing the case did not rely on defendants' immunity. Second, while *Heck v. Humphrey* has been partially overruled, *see Campos v. City of Merced*, 709 F. Supp. 2d 944, 961 (E.D. Cal. 2010), that

1

overruling only regards application of *Heck* to pending, non-final convictions, not final convictions as in this case. Third, plaintiff has submitted no authority supporting his contention that a statute of limitations defense is inapplicable because he alleges that his sentence was illegal. Plaintiff cites *Bartone v. United States*, 375 U.S. 52 (1963), but that case involved a probation revocation; it has no bearing on the statute of limitations in a § 1983 suit. Indeed, neither § 1983 or a statute of limitations is mentioned at all in the opinion.

    DONE this 10th day of February, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE